UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ROBERT E. STINE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:20-CV-00178-JRG-CRW |
| RUSS MADDOX, OFFICER HENDRIX, CASEY BLEDSOE, RANDALL WILSON, ROBBY SMITH, SGT. LINDSEY, SGT. SMITH, CORPORAL ROGERS, OFFICER BALL, INMATE STANLEY, and DUSTIN OLIVER,[1] | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner in the Hawkins County Jail, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], and his inmate trust account statement [Docs. 12, 14]. Plaintiff has also filed a motion regarding obtaining the required documents to proceed *in forma pauperis* [Doc. 6], a motion seeking copies of a report of an assault [Doc. 7], a motion regarding charges against him [Doc. 11], and a motion to amend his complaint to add a Defendant [Doc. 13]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 as to any Defendant, Plaintiff's motion to

---

[1] Plaintiff also appears to list the "Hawkins County Sheriff's Office" as a Defendant at one point in his complaint [Doc. 2 at 3]. However, this is not a suable entity under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983). Moreover, the complaint contains no facts from which the Court can plausibly infer that a custom or policy of Hawkins County was the motivating force behind any constitutional violation as required to state a § 1983 claim against this municipality. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

amend his complaint [Doc. 13] will be **DENIED**, this action will be **DISMISSED**, and Plaintiff's other pending motions [Docs. 7, 11, 13] will be **DENIED as moot**.

## I.    FILING FEE

As Plaintiff's relevant filings [Docs. 1, 12, 14] establish that he is unable to pay the filing fee, his motion to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate of the Hawkins County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the previous month), but only when the monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. §§ 1914(a), 1915(b)(2).

To ensure collection of this fee, the Clerk will be **DIRECTED** to provide a copy of this memorandum and the associated order to the custodian of inmate accounts at the Hawkins County Jail and the Court's financial deputy. This order shall be placed in Plaintiff's file and follow him if he is transferred to a different institution.

## II.    COMPLAINT SCREENING

### A.  Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious,

fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Complaint Allegations

On June 12, 2020, Plaintiff's public defender Defendant Russ Maddox waived Plaintiff's preliminary hearing after Plaintiff had fired him and without Plaintiff's knowledge or permission [Doc. 2 at 4]. Defendant Maddox had previously lied to Plaintiff by stating that the only way to have Plaintiff's statement released to him was to bind the case over to criminal court [*Id.*]. Plaintiff has been held in Hawkins County Jail without bail since May 1, 2020 [*Id.*]. Plaintiff has requested

3

bail and tried to hire a lawyer, but the judge would not approve it until Plaintiff paid a retainer for the lawyer [*Id.*].

In the Hawkins County Jail, Plaintiff has been discriminated against for being gay [*Id.*]. Specifically, other inmates have threatened Plaintiff's life in front of Defendant Officer Smith, assaulted Plaintiff, and laughed at and made fun of Plaintiff, and the staff supports this behavior [*Id.*]. Also, when inmate Steven Murrell threatened Plaintiff, Defendant Lindsey laughed and put Plaintiff in a corner cell, where Plaintiff's new cellmate Randall Wilson assaulted him [*Id.* at 4–5]. Plaintiff filed a grievance and was moved to the cell next door, where he has received threats, including threatening notes that he has shown Defendant Officer Smith [*Id.* at 5].

The staff now refuse to answer Plaintiff's requests and grievances [*Id.*]. Also, Defendant Officer Smith told Plaintiff that he sent officers to Plaintiff's partner's house due to the partner calling the jail to inform officers that Plaintiff is in danger [*Id.*]. When Plaintiff told Defendant Officer Smith that Plaintiff had been accused of being a snitch, Defendant Officer Smith smiled and stated "'how do you think it looks on you now with me taking you out in the hall []." [*Id.*]. Additionally, while Plaintiff was talking to Defendant Officer Smith, other inmates were threatening and cursing Plaintiff and Defendant Officer Smith just laughed and did not say anything [*Id.*].

Plaintiff has requested to speak to three different officers in confidence, but none have talked to him [*Id.* at 5–6]. Plaintiff has been informed that inmates are planning to attack him in some way and fears for his life [*Id.* at 6]. Plaintiff's previous cellmate loaned him a chirping device for Plaintiff to send his partner a message, but the cellmate then let everyone read the messages that Plaintiff sent to his partner [*Id.*].

4

When Plaintiff asked for a grievance form, Defendant Officer Hendrix winked and blew a kiss at Plaintiff and refused to get him a form [*Id.*]. Ethan Murrell witnessed this, and witnessed other inmates threaten Plaintiff [*Id.*]. Other inmates witnessed an assault on Plaintiff, and inmate Defendants Robby Smith, Dustin Oliver, Cassey Bledsoe, Stanley, and Randall Wilson have threatened Plaintiff [*Id.*].

On July 17, 2020, Plaintiff was placed on suicide watch immediately after Defendant Sgt. Lindsay, First Sergeant Carter, Medical Nurse Melissa, and Officer Meeks found out that Plaintiff had a § 1983 complaint form that he was going to file against them [*Id.* at 7]. Plaintiff's lawyer was coming to help him file the lawsuit the next day, but Plaintiff could not contact his lawyer or anyone else in the outside world due to being on suicide watch [*Id.*]. Plaintiff was kept on suicide watch for two weeks, after which time staff told him that they had lost his belongings, and he was without a mat for a week [*Id.*]. Plaintiff called his partner about this, and his partner called Lt. Gallion [*Id.*]. After this phone call, staff found most of Plaintiff's things, but not his § 1983 complaint form [*Id.*]. Plaintiff asked Officer Meeks to return the lawsuit form, but the officer said he did not have it before eventually returning it to Plaintiff [*Id.* at 7–8].

Plaintiff has sued Russ Maddox, Officer Hendrix, Casey Bledsoe, Randall Wilson, Robby Smith, Sgt. Lindsey, Sgt. Smith, Corporal Rogers, Officer Ball, Inmate Stanley, and Dustin Oliver [*Id.* at 9]. As relief, Plaintiff states only that the events in his complaint caused him stress, low self-esteem, and fear for his safety [*Id.* at 10].

### C. Analysis

#### 1. Non-State Actors

First, Plaintiff's claims against Defendant Maddox fail to state a claim upon which relief may be granted under § 1983, as this Defendant is not a state actor in his capacity as Plaintiff's

5

Case 2:20-cv-00178-JRG-CRW   Document 18   Filed 01/05/21   Page 5 of 12   PageID #: 70

attorney. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (providing that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983").

Likewise, it is apparent that Plaintiff's fellow inmates, specifically Defendants Casey Bledsoe, Randall Wilson, Inmate Stanley, and Dustin Oliver, were not acting under color of state law in the incidents underlying Plaintiff's complaint. *Tahfs v. Proctor*, 316 F.3d 584, 590–91 (6th Cir. 2003) (setting forth the relevant tests for whether a private party may be considered a state actor for purposes of §1983); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (providing that "[t]he principal inquiry in determining whether a private party's actions constitute 'state action' under the Fourteenth Amendment is whether the party's actions may be 'fairly attributable to the state'" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendants Maddox, Bledsoe, Wilson, Inmate Stanley, and Oliver.

### 2. Failure to Protect

As set forth above, Plaintiff makes various allegations regarding other inmates threatening and/or physically assaulting him, and states that Defendants Lindsey and Officer Smith have witnessed and/or have knowledge of some of those threats. Prison officials have a duty to protect inmates from violence and take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). However, an officer may be liable for failing to protect an inmate only where the inmate demonstrates that he was "incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to the inmate's safety." *Id*. at 834. The requirement of "deliberate indifference" means that the prison official is liable only where he knows that the inmate faces a substantial risk of serious harm and disregards the risk. *Id*. at 837 (quotation marks omitted). Therefore, for liability to attach to a

6

prison official's failure to protect, the substantial risk and need for protection must be obvious. *See, e.g., Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).

Plaintiff provides no details about other inmates' threats to him from which the Court can plausibly infer that any threat was substantial, or that any Defendant was deliberately indifferent to a substantial threat to Plaintiff. Specifically, while Plaintiff generally states that he "had [his] life threatened in front of Defendant Officer Smith," he provides no facts about the context of this threat from which the Court can infer that it was substantial. But even if it was, Plaintiff does not provide any information from which the Court can plausibly infer that Defendant Officer Smith was deliberately indifferent to that threat. Likewise, while Plaintiff alleges that Defendant Officer Smith has seen threatening notes that Plaintiff received, he provides no details about the threats in those notes, or any facts from which the Court can plausibly infer that Defendant Officer Smith was deliberately indifferent to those threats. Also, while Plaintiff alleges that he told Defendant Officer Smith that he was being accused of being a snitch and this Defendant pointed out that the fact that Plaintiff was talking to this Defendant alone might exacerbate that perception while smiling, Plaintiff again provides no facts from which the Court can plausibly infer that this perception of Plaintiff as a snitch has created a substantial threat to his safety that any Defendant has ignored. Also, while Plaintiff alleges that other inmates were threatening and cursing him during an interaction with Officer Smith, he again provides no facts from which the Court can plausibly infer that these threats were substantial.

Similarly, while Plaintiff alleges that Defendant Sgt. Lindsey laughed when another inmate threatened Plaintiff, he also states that Defendant Sgt. Lindsey then moved Plaintiff to a new cell. Although Plaintiff also alleges that his cellmate in the new cell then assaulted him, nothing in the complaint suggests that Plaintiff, much less any Defendant, knew that this arrangement would be dangerous to Plaintiff prior to that assault.

7

Moreover, while Plaintiff states that he has "been informed that the inmates are planning to attack [him] in some way shape or form" and this causes him to fear for his life, he fails to allege that any Defendant is aware of this alleged threat.

Thus, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 for failure to protect as to any named Defendant.

### 3. Requests and Grievances

As set forth above, Plaintiff alleges that Defendant Hendrix did not get him a grievance form when he asked for one and that "[t]he staff now refuse to answer [his] requests and grievances." However, nothing in the complaint allows the Court to plausibly infer that any named Defendant has violated Plaintiff's constitutional rights by not answering his "requests." Also, Plaintiff has "no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003). Thus, these allegations fail to state a claim upon which relief may be granted under § 1983.

### 4. Suicide Watch

As noted above, Plaintiff also alleges that he was placed on suicide watch immediately after several jail officials, including Defendant Sgt. Lindsey, found out that he had a form § 1983 complaint that he was going to file against them. Plaintiff also states that this occurred on the day before his lawyer was coming to visit him to help with the lawsuit, which he was unable to do because Plaintiff could not have contact with anyone while on suicide watch.

However, Plaintiff does not set forth any facts from which the Court can plausibly infer that his possession of the complaint form caused his placement on suicide watch, that this suicide watch placement was improper, or that Defendant Lindsey had any role in placing him on suicide watch. Thus, to the extent Plaintiff seeks to assert a claim for retaliation against Defendant Sgt. Lindsey based on these allegations, he has failed to do so. *Thaddeus-X v. Blatter*, 175 F.3d 378,

8

Case 2:20-cv-00178-JRG-CRW Document 18 Filed 01/05/21 Page 8 of 12 PageID #: 73

394 (6th Cir. 1999) (providing that a retaliation claim requires a prisoner to demonstrate that: (1) he "engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983).

Thus, Plaintiff's suicide watch allegations fail to state a claim upon which relief may be granted under § 1983.

### 5. Remaining Defendants and Allegations

Plaintiff's remaining allegations are either against individuals he has not named as Defendants and/or general entities, and do not allow the Court to plausibly infer that a Defendant was personally involved in a constitutional violation. As such, they fail to state a claim upon which relief may be granted under § 1983 as to any named Defendant. *Frazier*, 41 F. App'x at 764. Similarly, as Plaintiff has failed to set forth any specific allegations against Defendants Rogers or Ball, the complaint fails to state a claim upon which relief may be granted as to them. *Id.*

### D. Conclusion

Accordingly, Plaintiff's complaint fails to state claim upon which relief may be granted under § 1983 as to any Defendant.

### III. SUPPLEMENT AND MOTION TO AMEND

Plaintiff also filed a letter to a "Ms. Sonders or the Court Clerk" that the Clerk docketed as supplement to his complaint [Doc. 8] and a letter requesting to add Lt. Gallion as a Defendant

9

herein [Doc. 13]. However, the Court previously notified Plaintiff that it would not consider any amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court screened the complaint pursuant to the PLRA and it therefore would automatically deny any requests to amend or supplement the complaint and/or motions filed before it completed this screening [Doc. 3 p. 2]. Thus, any requests by Plaintiff to amend or supplement his complaint are subject to denial on this ground.

However, the Court also notes that, in the letter that the Clerk docketed as a supplement, Plaintiff did not state any intention to amend or supplement his complaint [Doc. 8].[2] Even if he had done so, however, the allegations therein relate only to Russ Maddox's actions as Plaintiff's lawyer in Plaintiff's ongoing state court criminal proceedings [*Id.*]. As set forth above, however, Mr. Maddox was not a state actor in this capacity, so Plaintiff's allegations against Mr. Maddox in this letter fail to state a claim upon which relief may be granted under § 1983. Thus, they would likewise be dismissed pursuant to the PLRA screening of Plaintiff's complaint, if the Court allowed Plaintiff to add them.

Also, as to Plaintiff's request to add Lt. Gallion as a Defendant in this lawsuit, in support of this request Plaintiff states that Lt. Gallion has violated his rights under the "1st, 5th, 6th, and 8th" Amendments because Plaintiff has tried numerous times to have people outside of the jail seek help for him, presumably from Lt. Gallion, and Plaintiff has requested to speak personally with Lt. Gallion, but Lt. Gallion refuses Plaintiff's requests to speak personally and will not return Plaintiff's partner's "call for help" [Doc. 13 at 1]. Plaintiff also sets forth various allegations

---

[2] Plaintiff sent the Court several other similarly addressed letters setting forth various allegations about incidents during his incarceration [Docs. 4, 5, 9, 10, 15]. However, Plaintiff did not seek to amend or supplement his complaint in any of these letters [*Id.*]. Moreover, it is apparent from the fact that Plaintiff did specifically ask to add a Defendant to this lawsuit in one of his similar letters that the Clerk therefore docketed as a motion [Doc. 13] that Plaintiff did not intend to amend or supplement his complaint through his other letters.

10

regarding his inability to get help from the jail staff, his fear for his life, and acts by other jail officials [*Id.*].

However, these allegations fail to state a claim upon which relief may be granted under § 1983 as to Defendant Gallion, as they do not allow the Court to plausibly infer that Lt. Gallion abdicated his job responsibility in a manner that caused a constitutional injury. *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 487 (6th Cir. 2020); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983). As such, allowing Plaintiff to add Lt. Gallion as a Defendant in this matter based on these allegations would be futile, and Plaintiff's motion seeking this relief [*Id.*] will be **DENIED**. *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (holding that "a motion to amend a complaint should be denied if the amendment . . . would be futile," among other things).

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to furnish a copy of this order to the Court's financial deputy;

5. Plaintiff's motion to amend his complaint [Doc. 13] will be **DENIED**;

6. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

7. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A) and Plaintiff's remaining motions [Docs. 6, 7, 11] will be **DENIED as moot**; and

8. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE