UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ROBERT E. STINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-CV-00178-JRG-CRW |
| ) | |
| RUSS MADDOX, OFFICER HENDRIX, ) | |
| CASEY BLEDSOE, RANDALL ) | |
| WILSON, ROBBY SMITH, SGT. ) | |
| LINDSEY, SGT. SMITH, CORPORAL ) | |
| ROGERS, OFFICER BALL, INMATE ) | |
| STANLEY, and DUSTIN OLIVER,[1] ) | |
| ) | |
| Defendants. ) | |

## JUDGMENT ORDER

For the reasons set forth in the memorandum opinion filed herewith:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth in the accompanying memorandum opinion;

4. The Clerk is **DIRECTED** to mail a copy of the memorandum opinion and this order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to furnish a copy of this order to the Court's financial deputy;

5. Plaintiff's motion to amend the complaint [Doc. 13] is **DENIED**;

6. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

---

[1] Plaintiff also appears to list the "Hawkins County Sheriff's Office" as a Defendant at one point in his complaint [Doc. 2 at 3]. However, this is not a suable entity under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983). Moreover, the complaint contains no facts from which the Court can plausibly infer that a custom or policy of Hawkins County was the motivating force behind any constitutional violation as required to state a § 1983 claim against this municipality. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

7. Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A) and Plaintiff's remaining motions [Docs. 6, 7, 11] are **DENIED as moot**; and

8. Because the Court **CERTIFIED** in the memorandum opinion that any appeal from this order would not be taken in good faith, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24; and

9. The Clerk is **DIRECTED** to close the file.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT:

s/ *John L. Medearis*
District Court Clerk